EDWARD A. ELLIOTT v. JESSE H. FARWELL:

EDWARD A. ELLIOTT v. LUCIEN WELTON:

EDWARD A. ELLIOTT v. CATHARINE MILLER.

*Jurisdiction of local courts in transitory actions—Default—Description of residence.*

The constitutional authority to establish local courts in cities contemplates that in transitory actions they can exercise jurisdiction over persons not shown to be residents though served with process within the municipal limits.

Where suit is begun by declaration personally served with due notice of a rule to plead which has been entered, default for not pleading may be entered without proof of default because the record shows that no plea has been filed.

It is enough in giving the residence of parties in a declaration to describe them as "of the city of Detroit" or otherwise. And if it were not so, a judgment on default would not be affected by the defect, as it would be cured by the statute of amendments: Comp. L., § 6051, subd. 4.

Error to the Superior Court of Detroit.   Submitted June 17.   Decided June 23.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Ed. E. Kane* for plaintiff in error.   The averment of defendants' residence, in a declaration, must be direct and positive and not by way of recital: *Coningsby's Case* 9 Mod. 95; *Hart v. Rose* 1 Hempst. 239; *Brown v. Keene* 8 Pet. 115; *Dred Scott v. Sandford* 19 How. 402; *Bingham v. Cabot* 3 Dal. 382; *Turner v. Enrille* 4 Dal. 7; *Abercrombie v. Dupuis* 1 Cr. 343; *Wood v. Wagnon* 2 Cr. 9; the jurisdiction of a municipal court is limited to cases in which the defendant is a resident of the municipality, and the fact of his residence must be shown: *Grand Rapids etc. R. R. v. Gray* 38 Mich. 468; *Platt v. Stewart* 10 Mich. 260; *Merrill v. Montgomery* 25 Mich. 75; *Denison v. Smith* 33 Mich. 157.

*Griffin & Dickinson* and *Geo. H. Lothrop* for defendants in error.   Parties may submit to the jurisdiction of the court even though not properly brought in by the pleadings: *Gott v. Brigham* 41 Mich. 227; *Field v. Judge of Superior Court* 30 Mich. 10.

GRAVES, J.   In these cases error is brought on judgments given by default in the Superior Court of Detroit.   The proceedings were all had some time prior to the act of May 22d, 1879, amending the statute under which the court was organized, and the points raised refer to the original enactment.

*First.* The claim is made that the Legislature had no power to authorize the institution of suits in the Superior Court against any party not residing in the city, and as a consequence, that the court could exercise no jurisdiction over a party not shown to be a resident although found and served there.   The proposition cannot be maintained.   It must now be considered as settled that the meaning of the Constitution is different, and that no such restriction was intended to be

imposed. There is great force in the consideration that such a qualification of jurisdiction would have been justly open to many serious objections; that it would have created embarrassing discriminations, and to a great extent have derogated from the practical advantages intended to be accomplished. It is a matter of common knowledge that there are always classes of persons actively engaged in various branches of business in cities like Detroit, and who spend the most of their time there, but actually reside outside the corporate limits, and that very frequently they belong to city firms the other members of which reside in the city. For many purposes, these persons living outside belong in the city, and as matter of policy and propriety the reasons for making them suable in the city are every whit as strong as they would be if their residence was there. This remark, of course, will be understood as applying to causes of action which have no local character. The observation is entitled to weight that in conveying power to establish civil courts in cities the considerations mentioned and others of like nature were regarded.

*Second.* It is alleged as error in the first case that the default was entered without any proof that the defendant had not appeared to plead. The case was commenced by declaration which was personally served within the city. The usual rule to plead had been entered, and the proper notice of it appeared on the declaration which was served on the defendant, and due proof of service was on file. The failure to plead was evident to the court, because the records disclosed that no plea had been filed, and the default was for not pleading. This was regular. 1 Burrill's Pr. 370.

*Third.* The objection urged most strenuously is that in two of the cases the declaration fails to show that the plaintiff was a resident of Detroit. In the case of Farwell the declaration describes the plaintiff as " of the city of Detroit " and the defendant as " also of said city of Detroit," and in the case of Miller she is described as " of the city of Detroit." These expressions are claimed to be insufficient to denote the party's residence. There are two satisfactory answers to the

point. In the first place, the terms import with sufficient certainty the place of residence. R. 2 Cro. 167; 6 Comyn's Dig. "Pleader," (C. 17.) Even in case of indictments, where it was necessary to give the prisoner's addition of place of residence, it was always considered sufficient to say that he was " of " the town, hamlet, ward, parish, ville, or the like, without expressing in exact terms that he resided there. Archbold's Cr. Pl. 29, 30. Second, were it admitted that, in this respect, the declaration was deficient in legal certainty, no advantage could be taken of the defect now. The statute would apply which says that a judgment upon default shall not be reversed or in any way affected for any " misplead-ing" or "insufficient pleading." Comp. L. § 6051 subd. 4.

In each of these cases it appears from the record that the declaration by which the suit was commenced was served within the city.

The respective judgments will be affirmed with costs.

The other Justices concurred.